**SO ORDERED.**

**SIGNED this 2 day of October, 2017.**

_Stephani W. Humrickhouse_
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-02832-8-SWH |
| DAVID CAIN LYNN, ) | Chapter 13 |
| ) | |
| Debtor. ) | |

CONSENT ORDER MODIFYING PLAN AND THE AUTOMATIC STAY

THIS MATTER, coming on before the Court pursuant to Hyundai Motor Finance Company's *Motion for Relief from Stay and Turnover Order*, and with the consent of the undersigned, the Court makes the following findings of fact and enters the following Order:

1. Petitioner is a party in interest in this proceeding, being the holder of a claim secured by a duly perfected security interest in a 2011 Hyundai Genesis Coupe, VIN No. KMHHU6KH2BU048670 ("Collateral").

2. Petitioner's secured claim arises under a Retail Installment Sale Contract entered into by Debtor on August 18, 2011.

3. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on May 1, 2013. The Collateral was previously the subject of a *Consent Order Modifying Plan and the Automatic Stay*, entered by this Court on November 21, 2013.

4. At the time of the bankruptcy filing, Debtor was in arrears on the Contract in the amount of $445.42. Debtor has subsequently incurred post-petition arrears in the amount of $7,585.66. The last payment received by Petitioner was on June 16, 2016 in the amount of $500.00 and was applied to the payment due March, 2016. As of September 16, 2017, the payoff on the Contract was $6,585.97.

5. Debtor has little or no equity in the Collateral, and Petitioner is not adequately protected.

6. Good cause exists for granting Petitioner relief from stay, but the parties have agreed to the following settlement:

    a. Seven (7) monthly payments, paid directly to Petitioner, in the amount of $941.00 each, beginning the date of entry of this *Consent Order* by the Court, and continuing on that same day each of the subsequent six (6) months until the payoff of $6,585.97 is fully paid;

    b. Upon payment in full, Petitioner shall transfer title of the Collateral to Debtor;

    c. Debtor will immediately provide proof of insurance on the Collateral to Petitioner;

    d. If Debtor fails to make any payments when due under this agreement, and/or should insurance coverage lapse on the Collateral, then Petitioner will be granted an immediate relief from stay without further notice or hearing before this Court, and Debtor shall immediately turn over the Collateral to Petitioner;

    e. Debtor's Chapter 13 Plan shall also be amended to include $581.00 for Petitioner's attorney's fees and costs.

7. The Chapter 13 Trustee shall adjust Debtor's Plan as necessary to permit the Chapter 13 Trustee to pay the above-referenced attorney's fees and costs.

| | |
|---|---|
| WE CONSENT: | /s/ Gregory P. Chocklett<br>GREGORY P. CHOCKLETT<br>NC State Bar No. 12623<br>Law Office of Gregory P. Chocklett<br>711 Harvey Street<br>Raleigh NC 27608<br>Phone: (919) 856-0100<br>Fax: (919) 856-0799<br>E-mail: gchocklett@chocklettlaw.com<br>*Attorney for Petitioner* |
| | /s/ Terri Weik<br>TERRI WEIK<br>NC State Bar No. 37921<br>Weik Law Office, PC<br>812 Salem Woods Dr, Suite 102<br>Raleigh NC  27615<br>Phone: (919) 845-7877<br>Email: weiklawecf@live.com<br>*Attorney for Debtor* |
| NO OBJECTION: | /s/ John F. Logan<br>JOHN F. LOGAN<br>State Bar No. 12473<br>Office of the Chapter 13 Trustee<br>PO Box 61039<br>Raleigh NC 27661-1039<br>*Trustee* |

End of Document